UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

CHRISTOPHER HUGHES
(#R58710),
    Plaintiff,

vs.

MEDICAL DIRECTOR, HEALTH CARE ADMINISTRATOR, JANE DOE, JANE DOE,
    Defendants.

Case No. 18-3133

Honorable Judge

**FILED**

JUN 01 2018

CLERK OF COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

# COMPLAINT

## I. JURISDICTION AND VENUE

1. This is a civil action brought pursuant to 42 U.S.C Section 1983 to redress Defendants' deprivation, under color of State law, of Hughes's rights under the Constitution and laws of the United States.

2. This Court has jurisdiction of this action pursuant to 28 U.S.C 1331 and 1343(a) because the matters in controversy arise under the Constitution and laws of the United States.

3. This action arise under the United States Constitution. The Civil Rights Act of 1981 [42 U.S.C. 1983], and the Americans with Disabilities Act of 1990 [42 U.S.C. 12101].

4. This Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. 1367.

5. Venue is proper under 28 U.S.C. 1391(b), because all of the events set forth in Complaint at Law occured in this District, during Plaintiff's incarceration at WESTERN ILLINOIS CORRECTIONAL CENTER, located in Mt. Sterling, Illinois.

## II. PARTIES

6. Plaintiff, Christopher Hughes, is an individual who, at relevant times hereto, was incarcerated in Illinois Department of Correction at Western Illinois Correctional Center in Mt. Sterling, Illinois. Hughes is currently incarcerated at Dixon Correctional Center.

7. At all relevant times Illinois Department of Correction contracted with Wexford to provide Health Care ~~to prisoners~~ Services to prisoners at Western Illinois Correctional Center.

7. Defendant, Medical Director, was at all relevant times a licensed physician hereto employed by Illinois Department of Correction at Western Illinois Center, located in Mt. Sterling, IL.

8. Defendant, Health Care Administrator, was at all relevant ~~times times~~ times a licensed physician hereto employed by Illinois Department of Correction at Western ~~Illin~~ Illinois Correctional Center, located in Mt. Sterling IL.

9. Defendant, Jane Doe, was at all relevant times a licensed Nurse Practitioner hereto employed by Illinois Department of Correction at Western Illinois Correctional Center, located in Mt. Sterling, IL.

10. Defendant, Jane Doe, was at all relevant times a licensed Nurse hereto employed by Illinois Department of Correction at Western Illinois Correctional Center, located in Mt. Sterling IL.

## III.   FACTS

11. Upon admission into Western Illinois Correctional Center, Plaintiff informed Nurse Jane Doe that he suffer from seizures and nerve damage while being examined on 11-20-17, and informed Nurse Jane Doe of medication prescribed.

12. Nurse Jane Doe responded that she aware of Plaintiff having a seizure disorder and suffering from nerve damage due to medical file, history, and treatment which lists prescribed medicatons required in medical records.

13. Nurse Jane Doe told Plaintiff, he would be receiving his seizure and pain medication within a few days and also would be called back to see the physician within a week.

14. On 11-25-17 Plaintiff had a seizure sustaining serious injuries, swelling and bruising to face, lacerations on tongue and lips, and knot on the forehead.

15. After Plaintiff ~~suffered~~ had a seizure, he was given required seizure medication and receive it daily as order.

16. After seizure, days later Plaintiff were seen by the Nurse Practitioner Jane Doe for primary care for ~~and~~ examination concerning previous seizure. While being examed Plaintiff informed Nurse Practitioner he having pain and ~~having~~ havn't been receiving his pain medication for nerve damage.

17. Plaintiff, was seen by Nurse Practitioner Jane Doe on another occassion diffrent date to be examed, which he informed her again he havn't received his pain medication and ~~having servere nerve pain in serve~~ in severe physical pain.

18. Plaintiff, never received pain medication required while incarcerated at Western Illinois Correctional Center and the failure to treat Plaintiff condition ~~by~~ resulted in significant, unnecessary,

and wanton infliction of pain.

19. Plaintiff have filed multiple grievances and requests for proper medical treatment.

20. Defendants knew or should have known of Plaintiff medical condition and required treatment due to refferals, records, ~~file~~ and files of the Plaintiff medical history, condition, and treatment from prior Institutions given to them.

## COUNT I
## MEDICAL DIRECTOR ~~AT WESTER~~

21. Plaintiff, Christopher Hughes, incorporates and re-alleges paragraphs 1 through 20 as though set forth herein.

22. The Eighth Admendment to the United States Constitution prohibits ~~the~~ cruel and unusual punishment.

23. At all relevant time, Plaintiff, Christopher Hughes were required medication for pain and seizure disorder.

24. Prior to 11-25-17, ~~and most of~~ the Plaintiff did not receive his seizure medication, nor ~~did~~ did he receive his pain medication the entire incarceration while in Western Illinois Correctional Center.

25. Prior to 11-25-17 ~~to 11-25-16~~ the Plaintiff, Christopher Hughes filed request and grievance at Western Illinois Correctional Center that he was not receiving

his required medication.

26. Prior to 11-25-17 Plaintiff, informed Staff at Western Illinois Correctional Center that he was not receiving his medication.

27. The Medical Director at Western Illinois Correctional Center knew or should have known that not receiving required medication would cause harm to Plaintiff.

28. The Medical Director at Wester Illinois Correctional Center exhibited deliberate indifference by failing to address the Plaintiff complaints, grievances, and requests.

29. The Plaintiff seizure, severe pain, and discomfort were directly and proximately caused by the Medical Director failure to address the Plaintiff complaints, grievances and requests to his required medication.

30. The Medical Director failure to address the Plaintiff complaints, grievances, and requests pertaining to his required medication resulted in pain and injury to the Plaintiff and constituted deliberate indifference to Plaintiff medical needs, in violation of his Eighth Admendment rights, as well as violations of the Plaintiff rights under 42 USC 1983 and 42 USC 12101.

31. WHEREFORE, Plaintiff, Christopher Hughes prays for judgement against the Defendent, Medical Director at Western Illinois Correctional Center and award him

(A) compensatory (B) punitive (C) reasonable attorney fees and cost of action (D) such other and further relief as this Court deems appropriate and just.

## COUNT II
## HEALTH CARE ADMINISTRATOR

32. Plaintiff, Christopher Hughes, incorporates and re alleges paragraphs 1 through 20 as though set forth herein.

33. The Eighth Admendent to the United States Constitution prohibits cruel and unusual punishment.

34. At all relevent time, Plaintiff, Christopher Hughes were required medication for pain and seizure disorder.

35. Prior to 11-25-17 the Plaintiff did not receive his seizure medication, nor did he receive his pain medication the ~~entire~~ entire incarceration while in Western Illinois Correctional Center.

36. Prior to 11-25-18 the Plaintiff, Christopher Hughes filed request and grievance at Western Illinois Correctional Center that he was not receiving his required medication.

37. Prior to 11-25-17 Plaintiff, informed Staff at Western Illinois Correctional Center that he was not receiving his medication.

38. The Health Care Administrator at Western Illinois Correctional Center knew or should have known that not receiving required medication would cause harm to Plaintiff.

39. The ~~Medical~~ Health Care Administrator at Western Illinois Correctional Center exhibited deliberat indiffrence by failing to address the Plaintiff complaints, grievances, and requests.

40. The Plaintiff seizure, severe pain, and discomfort were directly and proximately caused by the Health Care Administrator failure to address the Plaintiff complaints, grievances, and requests to his required medication.

41. The ~~Medi~~ Health Care Administrator failure to address the Plaintiff complaints, grievances, and requests pertaining to his required medication resulted in pain and injury to the Plaintiff and constituted deliberate indiffrence to Plaintiff medical needs in violation of his Eighth Admendment rights, as well as violation of the Plaintiff rights under 42 USC 1983 and 42 USC 12101.

42. WHEREFORE, Plaintiff, Christopher Hughes prays for judgement against the Defendant, Health Care Administrator of Western Illinois Correctional Center and award him (A) compensatory (B) punitive attorney fees and cost of action (D) such other and further relief as this Court deems appropiate and just.

## COUNT III
## JANE DOE

43. Plaintiff, Christopher Hughes, incorporates and realleges paragraphs 1 through 20 as though set forth herein.

44. The Eighth Admendment to the United States Constitution prohibits cruel and unusual punishment.

45. At relevant time, Plaintiff, Christopher Hughes were required medication for pain and seizure disorder.

46. Prior to 11-25-17, the Plaintiff did not receive his seizure medication, nor did he receive his pain medication the entire incarceration while in Western Illinois Correctional Center.

47. Prior to 11-25-17, the Plaintiff did not receive his seizure medication, nor did he receive his pain medication the entire incarceration while in Western Illinois Correctional Center.

48. Prior to 11-25-17 the Plaintiff, Christopher Hughes filed request and ~~grievance~~ grievance at Western Illinois Correctional Center, that he was not receiving his required medication.

49. Prior to 11-25-17, Plaintiff, informed Staff at Western Illinois Correctional Center that he was not receiving his medication.

50. Jane Doe the Nurse Practitioner at Western Illinois Correctional Center knew or should have known that not receiving required medication ~~would~~ would cause harm to Plaintiff.

51. Jane Doe the Nurse Practitioner at Western Illinois Correctional Center exhibited deliberate indifference by failing to address the Plaintiff complaints, grievances and requests.

52. The Plaintiff seizure, severe pain, and discomfort were directly and proximately caused by Jane Doe failure to address the Plaintiff complaints, grievances, and requests to his required medication.

53. Jane Doe failure to address the Plaintiff complaints, grievances, and requests pertaining to his required medication resulted in pain and injury to the Plaintiff and constituted deliberate indifference to Plaintiff medical needs in violation of his Eighth Admendment rights, as well as violation of the Plaintiff rights under 42 USC 1983 and USC 42 12101.

54. WHEREFORE, Plaintiff, Christopher Hughes prays for judgement against the Defendant, Jane Doe a Nurse Pactitioner at Western Illinois Correctional Center and award him (A) compensatory (B) punitive (C) attorney fees and cost of action (D) such other and further relief as the court deems appropiate and just.

## COUNT IV
## JANE DOE

55. Plaintiff, Christopher Hughes, incorporates and realleges paragraphs 1 through 20 as though set

forth herein.

56. The Eighth Admendmet to the United States prohibits cruel and unusual punishment.

57. At all relevant time, Plaintiff, Christopher Hughes were required medication for pain and seizure disorder.

58. Prior to 11-25-17, the Plaintiff did not receive his seizure medication, nor did he receive his pain medication the entire incarceration while in Western Illinois Correctional Center.

59. Prior to 11-25-17 the Plaintiff, Christopher Hughes filed request and grievance at Western Illinois Correctional Center that he was not receiving his required medication.

60. Prior to 11-25-17, Plaintiff, informed staff at Western Illinois Correctional Center that he was not receiving his medication.

61. Jane Doe the Nurse at Western Illinois Correctional Center knew or should have known that not receiving required medication would cause harm to Plaintiff.

62. Jane Doe the Nurse at Western Illinois Correctional Center exhibited deliberate indiffrence by failing to address the Plaintiff, complaints, grievanes, and request.

63. Jane Doe the Nurse failure to address the Plaintiff,

complaints, grievances, and request pertaining to his required medication resulted in pain and injury to the Plaintiff and constituted deliberate indiffrence to Plaintiff, medical needs in violation of his Eighth Admendment rights as well as violation of the Plaintiff rights under 42 USC 1983 and USC 42 12101.

64. WHEREFORE, Plaintiff, Christopher Hughes prays for judgement against the Defendant, Jane Doe a Nurse at Western Illinois Correctional Center and award him (A) compensatory (B) punitive (C) attorney fees and cost of this action and further relief as the court deems appropiate and just.

## RELIEF

WHEREFORE, Plaintiff, Christopher Hughes, finds each Defendant liable in their individual capacity, official capacity, and corporate capacity and ask for compensatory damages and punitive damages jointly and severally and award Plaintiff $400,000 and award additional $50,000 for physical and emotional injuries sustained, award attorney fees and cost of this action and further relief as the courts deems appropiate and just and prays for judgement in his favor against all Defendants.

## JURY

Hughes demands a trial by Jury on all issues triable.

RESPECTFULLY
Christopher Hughes

Christopher Hughes #R58110
2600 North Brinton Ave
Dixon, IL 61021

Prisoner Correspondence
Clerk Office
U.S. District Courthouse
100 NE Monroe Street
Peoria, IL 61602

THIS CORRESPONDENCE IS FROM AN INMATE OF THE ILLINOIS DEPT OF CORRECTIONS

